NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAURICIO ROBERTO ESCOBAR-SALINAS,<br><br>            Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>            Respondent. | No.    19-72951<br><br>Agency No. A208-150-926<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021[**]

Before:      WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Mauricio Roberto Escobar-Salinas, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention

---

        [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review factual findings for substantial evidence. *Id.* at 1241. We deny the petition for review.

The BIA did not err in concluding that Escobar-Salinas did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Escobar-Salinas's asylum and withholding of removal claims fail.

Substantial evidence supports the BIA's denial of CAT relief because Escobar-Salinas failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013) (evidence did not compel the conclusion that petitioner was more likely than not to be tortured where, in part, past harm did not rise to the level of torture); *Aden v. Holder*, 589 F.3d 1040, 1047

(9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**